NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2293
_____

KIM E. KNIGHT,
Individually and as personal
representative of the Estate of Shawn E. Knight, deceased,

Appellant

v.

ANDREW BOBANIC, in his official and individual capacities;
ADAM JANOSKO, in his official and individual capacities;
JAMES L. GARLOCK, in his official and individual capacities;
T'ODD M. PORTER, in his individual and official capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-15-cv-00820)
Honorable Mark R. Hornak, Chief District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 7, 2020

BEFORE:  SHWARTZ, SCIRICA, and COWEN, Circuit Judges

(Filed: April 22, 2020)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Plaintiff Kim E. Knight appeals from the order of the United States District Court for the Western District of Pennsylvania granting the motion for summary judgment filed by Defendants Andrew Bobanic and Adam Janosko. We will affirm.

I.

On June 28, 2013, Shawn Knight was shot and killed at his home by Pennsylvania State Police Troopers Bobanic and Janosko, who were responding to a report of a domestic dispute made by Shawn Knight's daughter, Amanda Knight. Kim Knight, Shawn Knight's wife, filed this 42 U.S.C. § 1983 action against Appellees, alleging an excessive force claim under the Fourth Amendment.[1]

Appellees moved for summary judgment. Applying the second "clearly established right" prong of the qualified immunity doctrine, the District Court granted their motion. After extensively summarizing the underlying (undisputed and disputed) facts, the District Court offered the following formulation of the right at issue in this case:

> Heeding the Supreme Court's recent admonitions to the trial court, considering the above material facts (both undisputed and those that are disputed as viewed in favor of Plaintiff) the Court formulates the right at issue as follows: the right of an individual to be free from the infliction of deadly force by a police officer, where such deadly force was employed without warning or hesitation from the officer, and where the individual himself is in his home, lawfully armed, suspected of domestic violence, has raised at least slightly (but not aimed) one of his weapons, as he was quickly approaching the officers from the interior of his home.

---

[1] Appellant initially asserted additional claims against the two Appellees as well as two other state troopers. However, she subsequently withdrew those claims.

Knight v. Bobanic, No. 2:15-cv-00820, 2019 WL 2151293, at *9 (W.D. Pa. May 17, 2019) (footnote omitted). The District Court then thoroughly examined Supreme Court and Third Circuit "excessive force" precedent as well as excessive force decisions from other circuit and district courts. In the end, it concluded that neither controlling legal authority nor a robust consensus of persuasive legal authority clearly established, as of the date of the shooting, that all reasonable police officers would have known that Appellees' conduct in this case was unconstitutional.

## II.

While acknowledging that "the District Court provided an extensive and well-read Opinion," Appellant contends that it "misinterpreted the applicable case law in light of the facts present in this matter, specifically that there was a dispute of material facts regarding the shooting of Shawn Knight, including the positioning of Shawn Knight's weapons and whether the Defendants could have taken reasonable steps which could have prevented the shooting."[2] (Appellant's Brief at 8.) We, however, conclude that the District Court did not commit any reversible error by granting Appellees' motion for summary judgment on qualified immunity grounds.

Initially, the District Court applied the proper legal framework. It is well

---

[2] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and we possess appellate jurisdiction under 28 U.S.C. § 1291. This Court exercises plenary review over a District Court's grant of a summary judgment motion. See, e.g., Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010). Summary judgment is proper if the moving party shows that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The evidence in the record must be viewed in the light most favorable to the non-moving party. See, e.g., Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000).

3

established that a plaintiff asserting a Fourth Amendment claims of excessive force must demonstrate that this use of force was unreasonable. See, e.g., Lamont v. New Jersey, 637 F.3d 177, 182-83 (3d Cir. 2011). A right is clearly established for purposes of the qualified immunity doctrine only if every reasonable official would have understood that his or her conduct infringes that right. Zaloga v. Borough of Moosic, 841 F.3d 170, 175 (3d Cir. 2016). According to Appellant, the facts of this case present an obvious civil rights violation. While she points out that the Supreme Court "does not require a case directly on point for a right to be clearly established," she also recognizes that the "existing precedent must have placed the statutory or constitutional question beyond debate." (Appellant's Brief at 10 (quoting White v. Pauly, 137 S. Ct. 548, 551 (2017) (per curiam)).) "[T]he Court held that, '[u]se of excessive force is an area of the law in which *the result depends very much on the facts of each case*, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue.'" (Id. (quoting Kisela v. Hughes, 138 S. Ct. 1148, 1153 (2018) (per curiam)) (alteration in original).) As the Supreme Court explained in White, clearly established law should not be defined at a high level of generality and must be framed in terms of the specific facts at issue. See, e.g., White, 137 S. Ct. at 552 (criticizing circuit court for relying on general excessive force principles and for failing to identify prior case in which officer acting under similar circumstances as defendant was held to have violated Fourth Amendment).

Appellant asserts that the District Court engaged in improper fact-finding in favor of Appellees with respect to whether Shawn Knight had one of the guns raised because

4

he pushed open the screen door. However, it is undisputed that Shawn Knight was holding a revolver in each hand and then opened the screen door that led to the front porch. "For him to push that screen door open, he would have needed to raise one of his hands, which was holding a revolver, at least slightly." Knight, 2019 WL 2151293, at *8 (noting inter alia that Kim Knight indicated at deposition that Shawn Knight pushed open screen door with left hand). In any event, the record supports the District Court's conclusion that Shawn Knight, at most, raised one of the weapons slightly for just a moment of time.

According to Appellant, our 2002 ruling in Curley v. Klem, 298 F.3d 271 (3d Cir. 2002), "squarely governs" the facts in this case. The defendant state trooper in Curley shot and seriously injured the plaintiff, a police officer whom he mistook for an armed criminal suspect (who had already killed himself). Id. at 273-74. Admittedly, we found that there was a factual dispute as to whether the plaintiff had pointed his gun at the defendant (while the District Court here assumed that Shawn Knight did not aim his weapons at Appellees). Id. at 282-83. Furthermore, there was a genuine issue of material fact as to whether the plaintiff had looked inside the vehicle stolen by the suspect, where he would have seen the suspect's body. Id. at 281. Viewing the evidence in the light most favorable to Appellant, Trooper Bobanic initially forced his way into the home (even though the alleged domestic violence victim and her mother indicated that the situation had deescalated and that no further police involvement was needed), and Appellees did not identify themselves as police officers or provide any sort of warning (which could have led Shawn Knight, who was sleeping at the time, to believe that the

5

state trooper was a home invader).  However, <u>Curley</u> was still a case of mistaken identity, and the plaintiff "claims that his gun was never aimed in Klem's direction, that he had turned to retreat in a direction away from Klem at the time he was fired upon, and that there was ample evidence indicating that he was not the suspect, including the fact that he was wearing a standard Port Authority police uniform."  <u>Id.</u> at 280.  "By contrast, in this case, Shawn Knight was exactly the individual that the Troopers believed that he was, namely, a now-armed private citizen suspected of engaging in domestic violence, rushing out of his home in their direction with a gun in each hand."  <u>Knight</u>, 2019 WL 2151293, at *14.  Accordingly, we agree with the District Court that "the facts of <u>Curley</u> are 'distinguishable in a fair way from the facts presented in the case at hand,' so <u>Curley</u> does not 'clearly establish' the right at issue here.'"  <u>Id.</u> (quoting <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001), <u>overruled on other grounds by Pearson v. Callahan</u>, 555 U.S. 223 (2009)).

III.

For the foregoing reasons, we will affirm the order of the District Court.